**RESNICK & LOUIS, P.C.**
MELISSA J. ROOSE, ESQ.
Nevada Bar No. 7889
JOSHUA Y. ANG, ESQ.
Nevada Bar No. 14026
8925 West Russell Road, Suite 220
Las Vegas, NV 89148
mroose@rlattorneys.com
jang@rlattorneys.com
Telephone: (702) 997-3800 / Facsimile: (702) 997-3800
*Attorneys for Defendants Ricardo Barcena and*
*Swift Transportation Co. of AZ LLC*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MITCHELL SAVOY, an individual,<br><br>Plaintiff,<br><br>v.<br><br>RICARDO BARCENA, individually; SWIFT TRANSPORTATION CO. OF AZ, LLC; and DOES I through X, inclusive; ROE CORPORATIONS XI through XX, inclusive,<br><br>Defendants. | CASE NO.:<br><br>**SWIFT TRANSPORTATION CO. OF AZ, LLC AND RICARDO BARCENA'S NOTICE OF REMOVAL PURSUANT TO 28 U.S. CODE § 1446** |

Defendants, SWIFT TRANSPORTATION CO. OF AZ, LLC ("Swift") and RICARDO BARCENA ("Barcena") (collectively "Defendants"), by and through their counsel of record, Melissa J. Roose, Esq. and Joshua Y. Ang, Esq., of the law offices of RESNICK & LOUIS, P.C., hereby give notice of removal of this action to the United States District Court for the District of Nevada from the Nevada Eighth Judicial District Court in and for Clark County. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11.

In support of this Notice of Removal, Defendants state and allege as follows:

1. This Court has original jurisdiction over the subject matter of this action under the provisions of 28 U.S.C. § 1332 in that there is complete diversity between the parties and more than $75,000 in controversy, exclusive of interests and costs.

2. Swift and Barcena are Defendants in the above-entitled action now pending in the Eighth Judicial District, Clark County, Nevada, Case No. A-21-828897-C.

3. Defendant Swift is a limited liability company formed under the laws of the state of Delaware with its principal place of business in Arizona.

4. Defendant, Ricardo Barcena. is a citizen of the State of California.

5. Plaintiff, Mitchell Savoy, is a citizen of the State of Nevada.

6. With respect to the amount in controversy, on February 26, 2021 Plaintiff declared $165,452.24 in damages for past medical specials and seeks additional sums for pain and suffering wherein the damages in controversy exceed $75,000. *See* **Exhibit A** [Declaration of Counsel] and **Exhibit B** [Plaintiff's Petition for Exemption From Arbitration]. Thus, removal is proper as this Court has jurisdiction to entertain this matter based on diversity jurisdiction.

7. On February 3, 2021, Plaintiff filed his initial Complaint against improper party "Swift Transportation Services, LLC" and "Barcena Ricardo." On February 8, 2021, Plaintiff served Swift Transportation Services, LLC with the Summons and Complaint and left copies of the Summons and Complaint "with or in the presence of Jane Doe hispanic female" for "Barcena Ricardo."  On February 19, 2021, Plaintiff filed an Amended Complaint to correct the improperly named parties. On February 25, 2021, Swift Transportation Co. of AZ LLC and Ricardo Barcena filed an Answer to the Amended Complaint.  Removal is timely pursuant to 28 U.S. Code § 1446(b)(3) as Plaintiff's initial Complaint was served less than 30 days prior to this Notice of Removal.

/ / /

8.  Copies of Plaintiff's Initial Appearance Fee Disclosure, Plaintiff's Complaint, Plaintiff's Amended Complaint, Summonses, Affidavits of Service and Petition for Exemption From Arbitration are attached hereto as **Exhibit B**.  This constitutes/evidences all of the papers and pleadings served to Defendants.

9.  Copies of Defendants' Initial Appearance Fee Disclosure, Defendants' Answer to Plaintiff's Amended Complaint, Jury Demand and Swift's NRCP 7.1 Disclosure Statement are attached hereto as **Exhibit C**.  This constitutes all of the papers and pleadings filed by Defendants.

10. Defendants have concurrently filed a copy of this Notice of Removal with the Clark County District Court Clerk and have served a copy of this document upon Plaintiff.

Based upon the foregoing, Defendants hereby remove the above action now pending in the Eighth Judicial District, Clark County, Nevada, Case No. A-21-828897-C, to this Court.

DATED this 2nd day of March 2021.

**RESNICK & LOUIS, P.C.**


*/s/ Melissa J. Roose*
MELISSA J. ROOSE, ESQ.
Nevada Bar No. 7889
JOSHUA Y. ANG, ESQ.
Nevada Bar No. 14026
8925 West Russell Road, Suite 220
Las Vegas, NV 89148
*Attorneys for Defendants Ricardo Barcena and*
*Swift Transportation Co. of AZ LLC*

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and the Court's Local Rules, the undersigned hereby certified that on this day, March 2, 2021, a copy of the foregoing document was served upon all parties and counsel of records through the Court's CM/ECF system.

Justin G. Randall, Esq.
ER INJURY ATTORNEYS
4795 South Durango Drive
Las Vegas, NV 89147
*Attorneys for Plaintiff*
*Mitchell Savoy*


_____/s/___JoshuaYAng_____
An Employee of Resnick & Louis, P.C.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit A

# Exhibit A

## DECLARATION IN SUPPORT OF REMOVAL

STATE OF NEVADA      )
                        )
COUNTY OF CLARK     )

1. I am an attorney duly licensed to practice law in the State of Nevada and a partner with the law firm Resnick & Louis, P.C.

2. I am one of the attorneys for Defendants, RICARDO BARCENA and SWIFT TRANSPORTATION CO. OF AZ, LLC in this matter. I have personal knowledge of the facts contained herein, and I am competent to testify thereto.

3. With respect to the amount in controversy, on February 26, 2021 Plaintiff declared $165,452.24 in damages for past medical specials and seeks additional sums for pain and suffering wherein the damages in controversy exceed $75,000. Thus, removal is proper as this Court has jurisdiction to entertain this matter based on diversity jurisdiction.

4. This matter is being timely removed within 30 days of the February 8, 2021 date Plaintiff served the initial summons and complaint.

5. Based upon the foregoing, I believe that our removal is in good faith.

6. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and understanding, per the laws of the State of Nevada.

Dated this 2nd day of March 2021.

_____
Melissa J. Roose, Esq.

# Exhibit B

# Exhibit B

Electronically Filed
2/3/2021 6:42 PM
Steven D. Grierson
CLERK OF THE COURT

**IAFD**
Justin G. Randall, Esq.
Nevada Bar No. 12476
ER INJURY ATTORNEYS
4795 South Durango Drive
Las Vegas, Nevada 89147
Telephone: (702) 968-7500
Facsimile: (702) 989-0369
E-mail:justin@erinjuryattorneys.com
Attorneys for Plaintiff

CASE NO: A-21-828897-C
Department 29

DISTRICT COURT

CLARK COUNTY, NEVADA

| | |
|---|---|
| MITCHELL SAVOY, individually; | )<br>) |
| Plaintiff, | ) CASE NO.<br>) DEPT. NO. |
| vs. | )<br>) |
| BARCENA RICARDO, individually;<br>SWIFT TRANSPORTATION SERVICES, LLC;<br>and DOES I through X, inclusive; ROE<br>CORPORATIONS XI through XX, inclusive, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

**INITIAL APPEARANCE FEE DISCLOSURE**
**(NRS CHAPTER 19)**

Pursuant to NRS Chapter 19, as amended by Senate Bill 106, filing fees are submitted for parties appearing in the above entitled action as indicated below:

Mitchell Savoy                $270.00

TOTAL REMITTED:        $270.00

ER INJURY ATTORNEYS


Justin G. Randall, Esq.
Nevada Bar No. 12476
4795 South Durango Drive
Las Vegas, Nevada 89147
Attorneys for Plaintiff

- 1 -

Case 2:21-cv-00361-RFB-NJK   Document 1   Filed 03/02/21   Page 9 of 45

Electronically Filed
2/3/2021 6:42 PM
Steven D. Grierson
CLERK OF THE COURT

**DMJT**
Justin G. Randall, Esq.
Nevada Bar No. 12476
ER INJURY ATTORNEYS
4795 South Durango Drive
Las Vegas, Nevada 89147
Telephone: (702) 968-7500
Facsimile: (702) 989-0369
Email: justin@erinjuryattorneys.com
Attorneys for Plaintiff

CASE NO: A-21-828897-C
Department 29

DISTRICT COURT

CLARK COUNTY, NEVADA

MITCHELL SAVOY, individually;              )
                                           )  CASE NO.
             Plaintiff,                     )  DEPT. NO.
       vs.                                  )
                                           )
BARCENA RICARDO, individually;             )  **DEMAND FOR JURY TRIAL**
SWIFT TRANSPORTATION SERVICES, LLC;        )
and DOES I through X, inclusive; ROE        )
CORPORATIONS XI through XX, inclusive,     )
                                           )
             Defendants.                    )
                                           )

        COMES NOW, Plaintiff MITCHELL SAVOY, by and through his attorneys of record, JUSTIN

G. RANDALL, ESQ., of ER INJURY ATTORNEYS, and hereby demands a jury trial of all of the

issues in the above matter.

                                        ER INJURY ATTORNEYS


                                        By: _____
                                            Justin G. Randall, Esq.
                                            Nevada Bar No. 12476
                                            4795 South Durango Drive
                                            Las Vegas, Nevada 89147
                                            Attorneys for Plaintiff

- 1 -

Case Number: A-21-828897-C

Electronically Filed
2/3/2021 6:42 PM
Steven D. Grierson
CLERK OF THE COURT

1  **COMP**
Justin G. Randall, Esq.
2  Nevada Bar No. 12476
ER INJURY ATTORNEYS
3  4795 South Durango Drive
Las Vegas, Nevada 89147
4  Telephone:  (702) 968-7500
Facsimile:  (702) 989-0369
5  Email: justin@erinjuryattorneys.com
Attorneys for Plaintiff
6

CASE NO: A-21-828897-C
Department 29

7                              DISTRICT COURT

8                         CLARK COUNTY, NEVADA

9  MITCHELL SAVOY, individually;              )
                                             )  Case No.:
10              Plaintiff,                     )  Dept. No.:
        vs.                                   )
11                                            )  **COMPLAINT**
   BARCENA RICARDO, individually;            )
12  SWIFT TRANSPORTATION SERVICES, LLC;       )
   and DOES I through X, inclusive; ROE       )
13  CORPORATIONS XI through XX, inclusive,     )
                                             )
14              Defendants.                    )
                                             )
15

16      Plaintiff complains as follows:
17                    **GENERAL ALLEGATIONS**

18      1.      Plaintiff is, and at all times relevant herein, was, a resident of Clark County,

19  Nevada.

20      2.      The actions complained of herein occurred in Clark County, Nevada.

21      3.      The true names and capacities of the Defendants designated herein as Doe or

22

23  Roe Corporations are presently unknown to Plaintiff at this time, who therefore sues said

24  Defendants by such fictitious names.  When the true names and capacities of these defendants

25  are ascertained, Plaintiff will amend this Complaint accordingly.

26      4.      At all times pertinent herein, Defendants were agents, servants, employees or

27

28  joint venturers of every other Defendant, and at all times mentioned herein were acting within

1

the scope and course of said agency, employment, or joint venture, with knowledge and permission and consent of all other named Defendants.

5.      Defendant BARCENA RICARDO was at all times mentioned herein the operator of a 2019 International Truck Tractor (hereinafter referred to as the "Vehicle").

6.      Defendant SWIFT TRANSPORTATION SERVICES, LLC was at all times mentioned herein the owner of the Vehicle.

7.      Plaintiff at all times mentioned herein was a pedestrian at the intersection of Boulder Highway and Horizon Drive in Henderson, Nevada.

8.      On July 1, 2020, Defendant BARCENA RICARDO negligently operated the Vehicle, causing injuries to Plaintiff.

9.      As a direct and proximate result of the negligence of Defendants, Plaintiff sustained serious injuries to his neck, back, bodily limbs, organs and systems, all or some of which condition may be permanent and disabling, and all to Plaintiff's damage in a sum in excess of $10,000.

10.      As a direct and proximate result of the negligence of Defendants, Plaintiff received medical and other treatment for the aforementioned injuries, and said services, care, and treatment are continuing and shall continue in the future, all to the damage of Plaintiff.

11.      As a direct and proximate result of the negligence of Defendants, Plaintiff has been required to, and has limited occupational and recreational activities, which have caused and shall continue to cause Plaintiff loss of earning capacity, lost wages, physical impairment, mental anguish, and loss of enjoyment of life, in a presently unascertainable amount.

\\\

\\\

12.     As a direct and proximate result of the aforementioned negligence of all Defendants, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

## FIRST CAUSE OF ACTION

### (Negligence)

13.     Plaintiff incorporates paragraphs 1 through 12 of the Complaint as though said paragraphs were fully set forth herein.

14.     Defendant BARCENA RICARDO owed Plaintiff a duty of care to operate the Vehicle in a reasonable manner.

15.     Defendant BARCENA RICARDO breached this duty of care by, *inter alia*, failing to operate the Vehicle in a reasonable manner.

16.     Defendants' negligence directly and proximately caused Plaintiff serious injury.

17.     As a direct and proximate result of Defendants' negligence, Plaintiff received medical and other treatments for injuries sustained to body, limbs, organs and nervous systems, all or some of which conditions may be permanent and disabling and, all to Plaintiff's damage in a sum in excess of $10,000.   Said services, care, and treatment are continuing and shall continue in the future.

18.     As a direct and proximate result of Defendants' negligence, Plaintiff has been required to and has limited certain occupational and recreational activities, which have caused, and shall continue to cause, loss of earning capacity, lost wages, and loss of enjoyment of life.

19.     Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

## SECOND CAUSE OF ACTION

### (Negligence Per Se)

20.     Plaintiff incorporates paragraphs 1 through 19 of the Complaint as though said paragraphs were fully set forth herein.

3

21.    The acts of Defendant BARCENA RICARDO as described herein violated the traffic laws of the State of Nevada and Clark County, constituting negligence per se, and Plaintiff has been damaged as a direct and proximate result thereof in an amount in excess of $10,000.00.

22.    Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

### THIRD CAUSE OF ACTION

**(Negligent Entrustment)**

23.    Plaintiff incorporates paragraphs 1 through 22 of the Complaint as though said paragraphs were fully set forth herein.

24.    Defendant SWIFT TRANSPORTATION SERVICES, LLC was at all relevant times the owner of the Vehicle.

25.    Defendant SWIFT TRANSPORTATION SERVICES, LLC entrusted control of the Vehicle to Defendant BARCENA RICARDO.

26.    Defendant BARCENA RICARDO was incompetent, inexperienced, or reckless in the operation of the Vehicle.

27.    Defendant SWIFT TRANSPORTATION SERVICES, LLC knew or, by the exercise of reasonable care should have known, that Defendant BARCENA RICARDO was incompetent, inexperienced, or reckless in the operation of the Vehicle.

28.    Plaintiff was injured as a proximate consequence of the negligence and incompetence of Defendant BARCENA RICARDO, resulting from the negligent entrustment by Defendant SWIFT TRANPSPORTATION SERVICE, LLC.

29.    As a direct and proximate cause of the negligent entrustment of the Vehicle by Defendant SWIFT TRANPSPORTATION SERVICE, LLC, Plaintiff has been damaged in an amount in excess of $10,000.00.

30.    Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

4

## FOURTH CAUSE OF ACTION

### (Negligent Hiring against Defendant SWIFT TRANSPORATION SERVICES, LLC)

31.     Plaintiffs incorporate paragraphs 1 through 30 of the Complaint as if those paragraphs were fully incorporated herein.

32.     Defendant SWIFT TRANSPORATION SERVICES, LLC hired Defendant BARCENA RICARDO to operate the Vehicle.

33.     Defendant BARCENA RICARDO was incompetent, inexperienced, or reckless in the operation of the Vehicle.

34.     Defendant SWIFT TRANSPORATION SERVICES, LLC knew, or by the exercise of reasonable care should have known, that Defendant BARCENA RICARDO was incompetent, inexperienced, or reckless in the operation of the Vehicle.

35.     Plaintiffs were injured as a proximate consequence of the negligence and incompetence of Defendant BARCENA RICARDO resulting from the negligent hiring, supervision, and/or training of Defendant BARCENA RICARDO by Defendant SWIFT TRANSPORATION SERVICES, LLC.

36.     As a direct and proximate cause of the negligent hiring, supervision, and/or training by Defendant SWIFT TRANSPORATION SERVICES, LLC, Plaintiffs have been damaged in an amount in excess of $15,000.00.

## FIFTH CAUSE OF ACTION

### (Respondeat Superior against Defendant SWIFT TRANSPORTATION SERVICES, LLC)

1.     Plaintiffs incorporate paragraphs 1 through 32 of the Complaint as if those paragraphs were fully incorporated herein.

2.     Defendant BARCENA RICARDO was acting within the course and scope of his/her employment while operating the Vehicle.

3.     Defendant SWIFT TRANSPORATION SERVICES, LLC is therefore liable for the negligent actions of Defendant BARCENA RICARDO.

4.      Plaintiffs were injured as a proximate consequence of Defendants' negligence.

5.      As a direct and proximate cause of Defendants' negligence, Plaintiffs have been damaged in an amount in excess of $15,000.00.

WHEREFORE, Plaintiff prays for relief as follows:

1.      For general damages sustained by Plaintiff in an amount in excess of $10,000.00;

2.      For special damages sustained by Plaintiff in an amount in excess of $10,000.00;

3.      For reasonable attorney's fees and costs;

4.      For interest at the statutory rate; and

5.      For such other relief as the Court deems just and proper.

ER INJURY ATTORNEYS

By:_____
Justin G. Randall, Esq.
Nevada Bar No. 12476
4795 South Durango Drive
Las Vegas, Nevada 89147
Attorneys for Plaintiff

6

Electronically Filed
2/19/2021 11:50 AM
Steven D. Grierson
CLERK OF THE COURT

**ACOM**
Justin G. Randall, Esq.
Nevada Bar No. 12476
ER INJURY ATTORNEYS
4795 South Durango Drive
Las Vegas, Nevada 89147
Telephone: (702) 968-7500
Facsimile: (702) 989-7525
Email: justin@erinjuryattorneys.com
Attorneys for Plaintiff

DISTRICT COURT

CLARK COUNTY, NEVADA

MITCHELL SAVOY, individually;

        Plaintiff,

    vs.

RICARDO BARCENA, individually;
SWIFT TRANSPORTATION CO. OF AZ, LLC;
and DOES I through X, inclusive; ROE
CORPORATIONS XI through XX, inclusive,

        Defendants.

Case No.: A-21-828897-C
Dept. No.: 29

**AMENDED COMPLAINT**

Plaintiff complains as follows:

## GENERAL ALLEGATIONS

1.    Plaintiff is, and at all times relevant herein, was, a resident of Clark County, Nevada.

2.    The actions complained of herein occurred in Clark County, Nevada.

3.    The true names and capacities of the Defendants designated herein as Doe or Roe Corporations are presently unknown to Plaintiff at this time, who therefore sues said Defendants by such fictitious names.  When the true names and capacities of these defendants are ascertained, Plaintiff will amend this Complaint accordingly.

4.    At all times pertinent herein, Defendants were agents, servants, employees or joint venturers of every other Defendant, and at all times mentioned herein were acting within

1

the scope and course of said agency, employment, or joint venture, with knowledge and permission and consent of all other named Defendants.

5.      Defendant RICARDO BARCENA was at all times mentioned herein the operator of a 2019 International Truck Tractor (hereinafter referred to as the "Vehicle").

6.      Defendant SWIFT TRANSPORTATION CO. OF AZ, LLC was at all times mentioned herein the owner of the Vehicle.

7.      Plaintiff at all times mentioned herein was a pedestrian at the intersection of Boulder Highway and Horizon Drive in Henderson, Nevada.

8.      On July 1, 2020, Defendant RICARDO BARCENA negligently operated the Vehicle, causing injuries to Plaintiff.

9.      As a direct and proximate result of the negligence of Defendants, Plaintiff sustained serious injuries to his neck, back, bodily limbs, organs and systems, all or some of which condition may be permanent and disabling, and all to Plaintiff's damage in a sum in excess of $10,000.

10.     As a direct and proximate result of the negligence of Defendants, Plaintiff received medical and other treatment for the aforementioned injuries, and said services, care, and treatment are continuing and shall continue in the future, all to the damage of Plaintiff.

11.     As a direct and proximate result of the negligence of Defendants, Plaintiff has been required to, and has limited occupational and recreational activities, which have caused and shall continue to cause Plaintiff loss of earning capacity, lost wages, physical impairment, mental anguish, and loss of enjoyment of life, in a presently unascertainable amount.

\\\

\\\

12.     As a direct and proximate result of the aforementioned negligence of all Defendants, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

## FIRST CAUSE OF ACTION

### (Negligence)

13.     Plaintiff incorporates paragraphs 1 through 12 of the Complaint as though said paragraphs were fully set forth herein.

14.     Defendant RICARDO BARCENA owed Plaintiff a duty of care to operate the Vehicle in a reasonable manner.

15.     Defendant RICARDO BARCENA breached this duty of care by, *inter alia*, failing to operate the Vehicle in a reasonable manner.

16.     Defendants' negligence directly and proximately caused Plaintiff serious injury.

17.     As a direct and proximate result of Defendants' negligence, Plaintiff received medical and other treatments for injuries sustained to body, limbs, organs and nervous systems, all or some of which conditions may be permanent and disabling and, all to Plaintiff's damage in a sum in excess of $10,000.   Said services, care, and treatment are continuing and shall continue in the future.

18.     As a direct and proximate result of Defendants' negligence, Plaintiff has been required to and has limited certain occupational and recreational activities, which have caused, and shall continue to cause, loss of earning capacity, lost wages, and loss of enjoyment of life.

19.     Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

## SECOND CAUSE OF ACTION

### (Negligence Per Se)

20.     Plaintiff incorporates paragraphs 1 through 19 of the Complaint as though said paragraphs were fully set forth herein.

21.    The acts of Defendant RICARDO BARCENA as described herein violated the traffic laws of the State of Nevada and Clark County, constituting negligence per se, and Plaintiff has been damaged as a direct and proximate result thereof in an amount in excess of $10,000.00.

22.    Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

### THIRD CAUSE OF ACTION

#### (Negligent Entrustment)

23.    Plaintiff incorporates paragraphs 1 through 22 of the Complaint as though said paragraphs were fully set forth herein.

24.    Defendant SWIFT TRANSPORTATION CO. OF AZ, LLC was at all relevant times the owner of the Vehicle.

25.    Defendant SWIFT TRANSPORTATION CO. OF AZ, LLC entrusted control of the Vehicle to Defendant RICARDO BARCENA.

26.    Defendant RICARDO BARCENA was incompetent, inexperienced, or reckless in the operation of the Vehicle.

27.    Defendant SWIFT TRANSPORTATION CO. OF AZ, LLC knew or, by the exercise of reasonable care should have known, that Defendant RICARDO BARCENA was incompetent, inexperienced, or reckless in the operation of the Vehicle.

28.    Plaintiff was injured as a proximate consequence of the negligence and incompetence of Defendant RICARDO BARCENA, resulting from the negligent entrustment by Defendant SWIFT TRANPSPORTATION SERVICE, LLC.

29.    As a direct and proximate cause of the negligent entrustment of the Vehicle by Defendant SWIFT TRANPSPORTATION SERVICE, LLC, Plaintiff has been damaged in an amount in excess of $10,000.00.

30.    Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

4

## FOURTH CAUSE OF ACTION

**(Negligent Hiring against Defendant SWIFT TRANSPORATION SERVICES, LLC)**

31.     Plaintiffs incorporate paragraphs 1 through 30 of the Complaint as if those paragraphs were fully incorporated herein.

32.     Defendant SWIFT TRANSPORATION SERVICES, LLC hired Defendant RICARDO BARCENA to operate the Vehicle.

33.     Defendant RICARDO BARCENA was incompetent, inexperienced, or reckless in the operation of the Vehicle.

34.     Defendant SWIFT TRANSPORATION SERVICES, LLC knew, or by the exercise of reasonable care should have known, that Defendant RICARDO BARCENA was incompetent, inexperienced, or reckless in the operation of the Vehicle.

35.     Plaintiffs were injured as a proximate consequence of the negligence and incompetence of Defendant RICARDO BARCENA resulting from the negligent hiring, supervision, and/or training of Defendant RICARDO BARCENA by Defendant SWIFT TRANSPORATION SERVICES, LLC.

36.     As a direct and proximate cause of the negligent hiring, supervision, and/or training by Defendant SWIFT TRANSPORATION SERVICES, LLC, Plaintiffs have been damaged in an amount in excess of $15,000.00.

## FIFTH CAUSE OF ACTION

**(Respondeat Superior against Defendant SWIFT TRANSPORTATION CO. OF AZ, LLC)**

1.     Plaintiffs incorporate paragraphs 1 through 32 of the Complaint as if those paragraphs were fully incorporated herein.

2.     Defendant RICARDO BARCENA was acting within the course and scope of his/her employment while operating the Vehicle.

3.     Defendant SWIFT TRANSPORTATION CO. OF AZ, LLC is therefore liable for the negligent actions of Defendant RICARDO BARCENA.

4.    Plaintiffs were injured as a proximate consequence of Defendants' negligence.

5.    As a direct and proximate cause of Defendants' negligence, Plaintiffs have been damaged in an amount in excess of $15,000.00.

WHEREFORE, Plaintiff prays for relief as follows:

1.    For general damages sustained by Plaintiff in an amount in excess of $10,000.00;

2.    For special damages sustained by Plaintiff in an amount in excess of $10,000.00;

3.    For reasonable attorney's fees and costs;

4.    For interest at the statutory rate; and

5.    For such other relief as the Court deems just and proper.

ER INJURY ATTORNEYS

By: _____
Justin G. Randall, Esq.
Nevada Bar No. 12476
4795 South Durango Drive
Las Vegas, Nevada 89147
Attorneys for Plaintiff

6

Electronically Issued
2/3/2021 6:42 PM

SUMM
Justin G. Randall, Esq.
Nevada Bar No. 12476
ER INJURY ATTORNEYS
4795 South Durango Drive
Las Vegas, Nevada 89147
Telephone: (702) 968-7500
Facsimile: (702) 989-0369
Attorneys for Plaintiff

# DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| MITCHELL SAVOY, individually; | CASE NO. CASE NO: A-21-828897-C |
| Plaintiff, | DEPT. NO. |
| vs. | Department 29 |
| BARCENA RICARDO, individually; SWIFT TRANSPORTATION SERVICES, LLC; and DOES I through X, inclusive; ROE CORPORATIONS XI through XX, inclusive, | **SUMMONS** |
| Defendants. | |

**NOTICE! YOU HAVE BEEN SUED, THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS, READ THE INFORMATION BELOW.**

## SWIFT TRANSPORTATION SERVICES, LLC

TO THE DEFENDANT(S): A civil Complaint has been filed by the Plaintiff(s) against you for the relief set forth in the Complaint.

1.     If you intend to defend this lawsuit, within 20 days after this Summons is served on you, exclusive of the day of service, you must do the following:

       a.     File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.

       b.     Serve a copy of your response upon the attorney whose name and address is shown below.

2.     Unless you respond, your default will be entered upon application of the Plaintiff(s) and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint

3.     If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4.     The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators, each have 45 days after service of this summons within which to file an answer or other responsive pleading to the complaint.

Issued at the direction of:

_____
Justin G. Randall, Esq.
Nevada Bar No. 12476
4795 South Durango Drive
Las Vegas, Nevada 89147
Attorneys for Plaintiff

CLERK OF THE COURT

*Patricia Azucena*                          2/4/2021
DEPUTY CLERK                              DATE
200 Lewis Avenue, 5th Floor
Las Vegas, Nevada 89155-1601
Patricia Azucena Preza

— 1 —

**Electronically Filed**
**2/23/2021 4:14 PM**
**Steven D. Grierson**
**CLERK OF THE COURT**

PSER
ER INJURY ATTORNEYS
4795 S DURANGO DR
LAS VEGAS, NV 89147
(702) 877-1500

## DISTRICT COURT
## CLARK COUNTY, NEVADA

MITCHELL SAVOY
    Plaintiff

vs

BARCENA RICARDO, ET AL.
    Defendant

*Case Number:* A-21-828897-C

*Dept:*

**PROOF OF SERVICE**

TONYA MALONE, deposes and says: that at all times herein I am a citizen of the United States, over 18 years of age and not a party to nor interested in the proceeding in which this statement is made.

Affiant received a copy of the:
**SUMMONS; COMPLAINT**

I served the same on **02/08/2021 at 2:20 PM** to:

**Defendant SWIFT TRANSPORATION SERVICES, LLC, BY SERVING NATIONAL REGISTERED AGENTS, INC., REGISTERED AGENT**

by leaving the copies with or in the presence of **DANIELLE NAKI, ADMINISTRATIVE ASSISTANT**, at 701 S CARSON ST, STE 200, CARSON CITY, NV 89701, pursuant to **NRS 14.020**.

Pursuant to NRS 53.045, I declare under penalty of perjury under the law of the State of Nevada that the forgoing is true and correct.

Executed: Wednesday, February 10, 2021

TONYA MALONE , R-100246
Battle Born Process Service, NV PILB LIC #1876
3710 Grant Drive, Ste. L
Reno, NV 89509
775-507-7188

P-1939933.01

**Electronically Filed
2/24/2021 3:39 PM
Steven D. Grierson
CLERK OF THE COURT**

PSER
ER INJURY ATTORNEYS
4795 S DURANGO DR
LAS VEGAS, NV 89147
(702) 877-1500

## DISTRICT COURT
## CLARK COUNTY, NEVADA

MITCHELL SAVOY
    Plaintiff

vs

BARCENA RICARDO, ET AL.
    Defendant

*Case Number:* A-21-828897-C

*Dept:*

**AFFIDAVIT OF SERVICE**

CANDIS AYALA, deposes and says: that at all times herein I am a citizen of the United States, over 18 years of age and not a party to nor interested in the proceeding in which this statement is made.

Affiant received a copy of the:
**SUMMONS; COMPLAINT**

I served the same on **02/08/2021** at **9:09 PM** to:

## Defendant BARCENA RICARDO, INDIVIDUALLY

by leaving the copies with or in the presence of **JANE DOE, hispanic female, 40's, 5'7", 180 lbs, CO-RESIDENT**, at **17883 SUNBURST STREET, VICTORVILLE, CA 92395**, pursuant to NRCP Rule 4.2 (a)(2) as a person of suitable age and discretion residing therein at the Defendant's usual place of abode.

Subscribed and Sworn to Before Me on This
Wednesday, February 10, 2021 by the Affiant.

Notary Public

Dianna M. Espinoza
COMM. #2240699
NOTARY PUBLIC · CALIFORNIA
SAN BERNARDINO COUNTY
My Comm. Expires Apr. 18, 2023

CANDIS AYALA
Bluemoon Legal
17100-B Bear Valley Rd. #188
Victorville, CA 92395
760-553-5055

P-1939932.01

Electronically Filed
2/26/2021 3:12 PM
Steven D. Grierson
CLERK OF THE COURT

**ABREA**
Justin G. Randall, Esq.
Nevada Bar No. 12476
ER INJURY ATTORNEYS
4795 South Durango Drive
Las Vegas, Nevada 89147
Telephone:  (702) 968-7500
Facsimile:  (702) 989-7525
Email:  justin@erinjuryattorneys.com
Attorneys for Plaintiffs

DISTRICT COURT

CLARK COUNTY, NEVADA

| | |
|---|---|
| MITCHELL SAVOY, individually;<br><br>          Plaintiff,<br>  vs.<br><br>RICARDO BARCENA, individually;<br>SWIFT TRANSPORTATION CO. OF AZ,<br>LLC; and DOES I through X, inclusive; ROE<br>CORPORATIONS XI through XX, inclusive,<br><br>         Defendants. | CASE NO.: A-21-828897-C<br><br>DEPT NO.: 29 |

**PETITION FOR EXEMPTION FROM ARBITRATION**

COMES NOW Plaintiff, MITCHELL SAVOY, by and through his attorneys of record, JUSTIN G. RANDALL, ESQ., of ER INJURY ATTORNEYS, and hereby requests the above entitled matter be exempted from arbitration pursuant to Nevada Arbitration Rule 3 and 5, as this case:

    1. ____  presents a significant issue of public policy;

    2. _XX_  involves an amount in issue in excess of $50,000, exclusive of interest and costs;

    3. ____  presents unusual circumstances which constitute good cause for removal from the program.

This is an action for personal injuries resulting from a motor vehicle/pedestrian accident that occurred in Clark County Nevada on July 1, 2020.

On this date, Defendant RICARDO BARCENA negligently operated a semi-truck owned by Defendant SWIFT TRANSPORTATION CO. OF AZ, LLC, wherein Barcena hit Plaintiff MITCHELL SAVOY as Plaintiff crossed a street in his wheelchair. As a result of this incident,

1

Plaintiff suffered severe and permanent injuries.

To date, Plaintiff MITCHELL SAVOY has incurred the following medical expenses as a result of the subject incidents:

| | | |
|---|---|---|
| 1. | City of Henderson Fire and Rescue | $1,389.02 |
| 2. | St. Rose Dominican Hospital- Siena Campus | $56,138.00 |
| 3. | Vituity Partners | $1,652.00 |
| 4. | Radiology Associates of Nevada | $614.78 |
| 5. | Washington Hospital Healthcare System | $105,658.44 |
| **TOTAL DAMAGES** | | **$165,452.24** |

Plaintiff was a fault-free pedestrian crossing the street in a marked crosswalk in his motorized wheelchair. Plaintiff's wheelchair became lodged in the tire of the semi-truck. Plaintiff has undergone spine surgery due to this accident.

As is evidenced by the injuries diagnosed by Plaintiffs' healthcare providers, together with the significant medical expenses incurred by Plaintiffs and the future cost of treatment, Plaintiffs' case has a probable jury award value in excess of $50,000. Accordingly, and pursuant to N.A.R. 3, this matter is appropriately exempted from the Court Annexed Arbitration Program. Further, this request for exemption has been timely filed pursuant to the requirements set forth in N.A.R. 5.

Based upon the foregoing, I hereby certify pursuant to N.R.C.P. 11 this case to be within the exemption marked above, and I am aware of the sanctions which may be imposed against any attorney or party who without good cause or justification attempts to remove a case from the arbitration program.

ER INJURY ATTORNEYS

_____
Justin G. Randall, Esq.
Nevada Bar No. 12476
4795 South Durango Drive
Las Vegas, Nevada 89147
Attorneys for Plaintiff

**<u>CERTIFICATE OF SERVICE</u>**

Pursuant to N.R.C.P. 5(a), E.D.C.R. 7.26(a) and N.E.F.C.R. 9, I hereby certify that I am an employee of ER INJURY ATTORNEYS, and on the 26th day of February, 2021, the foregoing **PETITION FOR EXEMPTION FROM ARBITRATION** was served by electronic via the Eighth Judicial Court's Odyssey E-File and Serve system, to the following counsel of record:

Melissa J. Roose, Esq.
RESNICK & LOUIS, P.C.
Joshua Y. Ang, Esq.
8925 West Russell Rd., Ste 220
Las Vegas, NV 89148
*Attorney for Defendants*

_/s/ Amber Geiman_
An Employee of ER INJURY ATTORNEYS

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit C

# Exhibit C

Electronically Filed
2/25/2021 11:24 AM
Steven D. Grierson
CLERK OF THE COURT

1  **IAFD**
   **RESNICK & LOUIS, P.C.**
2  MELISSA J. ROOSE, ESQ.
   Nevada Bar No. 7889
3  JOSHUA Y. ANG, ESQ.
   Nevada Bar No. 14026
4  8925 West Russell Road, Suite 220
   Las Vegas, NV 89148
5  mroose@rlattorneys.com
   jang@rlattorneys.com
6  Telephone: (702) 997-3800 / Facsimile: (702) 997-3800
7  *Attorneys for Defendant Ricardo Barcena and*
   *Swift Transportation Co. of AZ LLC*
8

9                      **DISTRICT COURT**
                   **CLARK COUNTY, NEVADA**
10

11  MITCHELL SAVOY, an individual,          CASE NO.:  A-21-828897-C
                                            DEPT. NO.:  29
12            Plaintiff,

13  v.                                      **INITIAL APPEARANCE FEE**
                                            **DISCLOSURE (NRS CHAPTER 19)**
14  RICARDO BARCENA, individually; SWIFT
    TRANSPORTATION CO. OF AZ, LLC; and
15  DOES I through X, inclusive; ROE
    CORPORATIONS XI through XX, inclusive,
16

17            Defendants.

18

19

20          Pursuant to NRS Chapter 19, as amended by Senate Bill 106, filing fees are submitted for

21  parties appearing in the above-entitled action as indicated below:

22          Defendant       SWIFT TRANSPORTATION COMPANY              $223.00
                            OF AZ, LLC
23

24  / / /

25  / / /

26  / / /

27  / / /

28

                                        1

| | | |
|---|---|---|
| Defendant | RICARDO BARCENA | $30.00 |
| TOTAL | | $253.00 |

DATED this 25th day of February, 2021.

**RESNICK & LOUIS, P.C.**

*/s/ Melissa J. Roose*
MELISSA J. ROOSE, ESQ.
Nevada Bar No. 7889
JOSHUA Y. ANG, ESQ.
Nevada Bar No. 14026
8925 West Russell Road, Suite 220
Las Vegas, NV 89148
*Attorneys for Defendant Ricardo Barcena and
Swift Transportation Co. of AZ LLC*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that service of the foregoing **INITIAL APPEARANCE FEE DISCLOSURE (NRS CHAPTER 19)** was served this 25th day of February 2021, by:

[ ]  **BY U.S. MAIL**: by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Las Vegas, Nevada, addressed as set forth below.

[ ]  **BY FACSIMILE**: by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m. pursuant to EDCR Rule 7.26(a). A printed transmission record is attached to the file copy of this document.

[ ]  **BY PERSONAL SERVICE**: by causing personal delivery by an employee of Resnick & Louis, P.C. of the document(s) listed above to the person(s) at the address(es) set forth below.

[X]  **BY ELECTRONIC SERVICE**: by transmitting via the Court's electronic filing services the document(s) listed above to the Counsel set forth on the service list on this date pursuant to EDCR Rule 7.26(c)(4).

Justin G. Randall, Esq.
ER INJURY ATTORNEYS
4795 South Durango Drive
Las Vegas, NV 89147
*Attorneys for Plaintiff*

*/s/ Jennifer L. Meacham*
An Employee of Resnick & Louis, P.C.

3

Electronically Filed
2/25/2021 11:24 AM
Steven D. Grierson
CLERK OF THE COURT

**ANS**
**RESNICK & LOUIS, P.C.**
MELISSA J. ROOSE, ESQ.
Nevada Bar No. 7889
JOSHUA Y. ANG, ESQ.
Nevada Bar No. 14026
8925 West Russell Road, Suite 220
Las Vegas, NV 89148
mroose@rlattorneys.com
jang@rlattorneys.com
Telephone: (702) 997-3800 / Facsimile: (702) 997-3800
*Attorneys for Defendant Ricardo Barcena and*
*Swift Transportation Co. of AZ LLC*

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

| | |
|---|---|
| MITCHELL SAVOY, an individual,<br><br>      Plaintiff,<br><br>v.<br><br>RICARDO BARCENA, individually; SWIFT TRANSPORTATION CO. OF AZ, LLC; and DOES I through X, inclusive; ROE CORPORATIONS XI through XX, inclusive,<br><br>      Defendants. | CASE NO.:  A-21-828897-C<br>DEPT. NO.:  29<br><br>**DEFENDANT RICARDO BARCENA AND SWIFT TRANSPORTATION CO. OF AZ LLC'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT** |

COME NOW Defendants, SWIFT TRANSPORTATION CO. OF AZ, LLC, (hereinafter "Swift") and RICARDO BARCENA (hereinafter "Barcena") (collectively "Defendants") by and through their counsel of record, MELISSA J. ROOSE, ESQ. and JOSHUA Y. ANG, ESQ., of the law offices of RESNICK & LOUIS, P.C., and hereby answer Plaintiff's Amended Complaint as follows:

**GENERAL ALLEGATIONS**

1.  Answering Paragraphs 1, 2 and 3 of Plaintiff's Amended Complaint, the allegations contained therein do not assert claims against Defendants; therefore, no response is required. To the extent that a response is necessary, these Answering Defendants state they lack sufficient

1

information or knowledge to enable them to answer said allegations, and based thereon, deny the allegations contained therein.

2.   Answering Paragraph 4 of Plaintiff's Amended Complaint, Defendants state that this paragraph contains purported legal conclusions and/or statements and recitations of law, rather than allegations, and as such, no response is necessary. To the extent that a response is necessary, as to these Answering Defendants, Defendants deny the allegations contained therein.

3.   Answering Paragraph 5 of Plaintiff's Amended Complaint, Defendants admit only that on July 1, 2020, Barcena operated the subject 2019 tractor; however, Defendants lack sufficient information or knowledge as to "at all times mentioned herein" to enable them to answer said allegations, and based thereon, deny the remainder of the allegations contained therein.

4.   Answering Paragraph 6 of Plaintiff's Amended Complaint, Deny.

5.   Answering Paragraph 7 of Plaintiff's Amended Complaint, Defendants admit only that, upon information and belief, Plaintiff was present at the subject intersection in Henderson, Nevada on July 1, 2020; however, Defendants lack sufficient information or knowledge as to "at all times mentioned herein" to enable them to answer said allegations, and based thereon, deny the remainder of the allegations contained therein.

6.   Answering Paragraphs 8, 9, 10, 11 and 12 of Plaintiff's Amended Complaint, Defendants state that these paragraphs contain purported legal conclusions and/or statements and recitations of law, rather than allegations, and as such, no response is necessary. To the extent that a response is necessary, Defendants deny the allegations contained therein.  Defendants further deny Plaintiff was damaged in any sum whatsoever.

## **FIRST CAUSE OF ACTION**
### (Negligence)

7.   Answering Paragraph 13 of Plaintiff's Amended Complaint, Defendants hereby incorporate their responses to Paragraphs 1-12 as though fully contained herein.

8.   Answering Paragraphs 14, 15, 16, 17, 18 and 19 of Plaintiff's Amended Complaint, Defendants state that these paragraphs contain purported legal conclusions and/or statements and

recitations of law, rather than allegations, and as such, no response is necessary. To the extent that a response is necessary, Defendants deny the allegations contained therein. Defendants further deny Plaintiff was damaged in any sum whatsoever.

## SECOND CAUSE OF ACTION
### (Negligence Per Se)

9. Answering Paragraph 20 of Plaintiff's Amended Complaint, Defendants hereby incorporate their responses to Paragraphs 1-19 as though fully contained herein.

10. Answering Paragraphs 21 and 22 of Plaintiff's Amended Complaint, Defendants state that these paragraphs contain purported legal conclusions and/or statements and recitations of law, rather than allegations, and as such, no response is necessary. To the extent that a response is necessary, Defendants deny the allegations contained therein. Defendants further deny Plaintiff was damaged in any sum whatsoever.

## THIRD CAUSE OF ACTION
### (Negligent Entrustment)

11. Answering Paragraph 23 of Plaintiff's Amended Complaint, Defendants hereby incorporate their responses to Paragraphs 1-22 as though fully contained herein.

12. Answering Paragraph 24 of Plaintiff's Amended Complaint, Deny.

13. Answering Paragraphs 25, 26, 27, 28, 29 and 30 of Plaintiff's Amended Complaint, Defendants state that these paragraphs contain purported legal conclusions and/or statements and recitations of law, rather than allegations, and as such, no response is necessary. To the extent that a response is necessary, Defendants deny the allegations contained therein. Defendants further deny Plaintiff was damaged in any sum whatsoever.

## FOURTH CAUSE OF ACTION
### (Negligent Hiring against Defendant
### SWIFT TRANSPORTATION SERVICES, LLC)

14. Answering Paragraph 31 of Plaintiff's Amended Complaint, Defendants hereby incorporate their responses to Paragraphs 1-30 as though fully contained herein.

15. Answering Paragraph 32 of Plaintiff's Amended Complaint, Defendants admit to Swift Transportation Co. of AZ, LLC as the employer of Barcena; however, Defendants lack sufficient information or knowledge as to "hired....to operate the Vehicle" to enable them to answer said allegations, and based thereon, deny the remainder of the allegations contained therein.

16. Answering Paragraphs 33, 34, 35 and 36 of Plaintiff's Amended Complaint, Defendants state that these paragraphs contain purported legal conclusions and/or statements and recitations of law, rather than allegations, and as such, no response is necessary. To the extent that a response is necessary, Defendants deny the allegations contained therein.  Defendants further deny Plaintiff was damaged in any sum whatsoever.

**FIFTH CAUSE OF ACTION**
**(Respondent Superior against Defendant**
**SWIFT TRANSPORTATION SERVICES, LLC)**

17. Answering Paragraph 1 [SIC 37] of Plaintiff's Amended Complaint, Defendants hereby incorporate their responses to Paragraphs 1-36 as though fully contained herein.

18. Answering Paragraphs 2 [SIC 38], 3 [SIC 39], 4 [SIC 40] and 5 [SIC 41]  of Plaintiff's Amended Complaint, Defendants state that these paragraphs contain purported legal conclusions and/or statements and recitations of law, rather than allegations, and as such, no response is necessary. To the extent that a response is necessary, Defendants deny the allegations contained therein.  Defendants further deny Plaintiff was damaged in any sum whatsoever.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Defendants deny each and every allegation not specifically admitted herein.

**SECOND AFFIRMATIVE DEFENSE**

Defendants deny the breach of any duty whatsoever to Plaintiff.

**THIRD AFFIRMATIVE DEFENSE**

Defendants deny that Defendants caused damages to Plaintiff.

**FOURTH AFFIRMATIVE DEFENSE**

Defendants affirmatively allege that Plaintiff's Amended Complaint, and each and every

4

portion thereof, fails to set forth facts sufficient to constitute any viable cause of action as against these answering Defendants.

## FIFTH AFFIRMATIVE DEFENSE

Defendants affirmatively allege that Plaintiff failed to state claims for which relief can be granted.

## SIXTH AFFIRMATIVE DEFENSE

Defendants affirmatively allege the claims asserted in the Complaint are barred by the applicable statute of limitations and/or laches.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants affirmatively allege that Plaintiff failed to make reasonable effort to mitigate the damages, if any, in whole or in part.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants affirmatively allege that Plaintiff's claims are barred by Plaintiff's assumption of the risk.

## NINTH AFFIRMATIVE DEFENSE

Defendants affirmatively allege that at or about the time or place referenced in Plaintiff's Amended Complaint, if Plaintiff suffered any injury or damages, any such injury or damage was proximately and legally caused and contributed to by the negligence and fault of Plaintiff, and that said negligence and fault of Plaintiff reduces, pro rata, any recovery otherwise available to Plaintiff.

## TENTH AFFIRMATIVE DEFENSE

Defendants allege that at all times and places alleged in the Complaint, Plaintiff did not exercise ordinary care, caution, or prudence in the premises to avoid the loss herein complained of, and that same was directly and proximately contributed to and caused by the negligence, misconduct, and fault of Plaintiff, which exceeded that of Defendant, if any, and Plaintiff is thereby barred from any recovery against Defendant.

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendants affirmatively allege and without admitting Plaintiff has suffered, or will suffer, any damages or injuries as a result of conduct alleged in Plaintiff's Amended Complaint, that any damages or injuries which were, or will be, sustained by Plaintiff were caused in whole or in part by the negligence and/or tortious acts, omissions and/or conduct of persons, parties or entities other than Defendants over whom Defendants had no control.   Any damages recoverable by Plaintiff must be diminished in proportion to the amount of fault attributed to said other persons, parties, or entities.

**TWELFTH AFFIRMATIVE DEFENSE**

Defendants affirmatively allege that Plaintiff's Amended Complaint and causes of action against these answering Defendants fail to set forth acts sufficient to give rise to exemplary or punitive damages.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Defendants incorporate any and all affirmative defenses of any and all parties hereto.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Defendants hereby raise the following defenses, which through subsequent discovery may further be supported by facts, all of which may not presently be known, as follows: accord and satisfaction, arbitration and award, assumption of risk, estoppel, economic loss doctrine, failure to mitigate damages, failure to minimize damages, laches, lack of jurisdiction, payment, release, res judicata, collateral estoppel, statute of limitations, settlement and release, and waiver.

**FIFTEENTH AFFIRMATIVE DEFENSE**

That it has been necessary for Defendants to employ the services of an attorney to defend this action, and a reasonable sum should be allowed Defendants for attorney's fees, together with costs, expended in this action.

/ / /

/ / /

## <u>SIXTEENTH AFFIRMATIVE DEFENSE</u>

Pursuant to NRCP 11, all possible affirmative defenses may not have been alleged herein, insofar as sufficient facts were not available after reasonable inquiry upon the filing of Defendants' Answer and, therefore, Defendants reserve the right to amend this Answer to allege additional affirmative defenses if subsequent investigation warrants.

**WHEREFORE**, having fully answered Plaintiff's Amended Complaint, Defendants respectfully request the following relief:

1.      That Plaintiff takes nothing by virtue of the Complaint;

2.      That the Complaint be dismissed with prejudice and that Defendants be awarded judgment in this action;

3.      That Defendants be awarded their costs incurred herein;

4.      That Defendants be awarded their attorney's fees; and

5.      For such other and further relief as the Court deems just and proper.

DATED this 25th day of February 2021.

**RESNICK & LOUIS, P.C.**


*/s/ Melissa J. Roose*
MELISSA J. ROOSE, ESQ.
Nevada Bar No. 7889
JOSHUA Y. ANG, ESQ.
Nevada Bar No. 14026
8925 West Russell Road, Suite 220
Las Vegas, NV 89148
*Attorneys for Defendants Ricardo Barcena and*
*Swift Transportation Co. of AZ LLC*

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that service of the foregoing **DEFENDANT SWIFT TRANPORTATION COMPANY OF AZ, LLC' S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT** was served this 25th day of February 2021, by:

[ ]   **BY U.S. MAIL**: by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Las Vegas, Nevada, addressed as set forth below.

[ ]   **BY FACSIMILE**: by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m. pursuant to EDCR Rule 7.26(a). A printed transmission record is attached to the file copy of this document.

[ ]   **BY PERSONAL SERVICE**: by causing personal delivery by an employee of Resnick & Louis, P.C. of the document(s) listed above to the person(s) at the address(es) set forth below.

[X]   **BY ELECTRONIC SERVICE**: by transmitting via the Court's electronic filing services the document(s) listed above to the Counsel set forth on the service list on this date pursuant to EDCR Rule 7.26(c)(4).

Justin G. Randall, Esq.
ER INJURY ATTORNEYS
4795 South Durango Drive
Las Vegas, NV 89147
*Attorneys for Plaintiff*

*/s/ Jennifer L. Meacham*
An Employee of Resnick & Louis, P.C.

8

Electronically Filed
2/25/2021 11:30 AM
Steven D. Grierson
CLERK OF THE COURT

1  **DMJT**
   **RESNICK & LOUIS, P.C.**
2  MELISSA J. ROOSE, ESQ.
   Nevada Bar No. 7889
3  JOSHUA Y. ANG, ESQ.
   Nevada Bar No. 14026
4  8925 West Russell Road, Suite 220
   Las Vegas, NV 89148
5  mroose@rlattorneys.com
   jang@rlattorneys.com
6  Telephone: (702) 997-3800 / Facsimile: (702) 997-3800
7  *Attorneys for Defendant Ricardo Barcena and*
   *Swift Transportation Co. of AZ LLC*
8

9                    **DISTRICT COURT**
                 **CLARK COUNTY, NEVADA**
10

11 | MITCHELL SAVOY, an individual, | CASE NO.:   A-21-828897-C |
   |                                 | DEPT. NO.:  29            |
12 |          Plaintiff,            |                           |
   |                                 | **DEMAND FOR JURY TRIAL** |
13 | v.                              |                           |

14 RICARDO BARCENA, individually; SWIFT
   TRANSPORTATION CO. OF AZ, LLC; and
15 DOES I through X, inclusive; ROE
   CORPORATIONS XI through XX, inclusive,
16

17          Defendants.

18

19         COME NOW Defendants, SWIFT TRANSPORTATION CO. OF AZ, LLC, and

20 RICARDO BARCENA by and through their counsel of record MELISSA J. ROOSE, ESQ. and

   / / /
21
   / / /
22
   / / /
23
   / / /
24
   / / /
25
   / / /
26
   / / /
27

28

                                   1

1    JOSHUA Y. ANG, ESQ., of the law firm RESNICK & LOUIS, P.C., and hereby submit their

2    demand for a trial by jury.

3         DATED this 25th day of February 2021.

4                                    **RESNICK & LOUIS, P.C.**

5

6                                    */s/ Melissa J. Roose*
                                     MELISSA J. ROOSE, ESQ.
7                                    Nevada Bar No. 7889
                                     JOSHUA Y. ANG, ESQ.
8                                    Nevada Bar No. 14026
                                     8925 West Russell Road, Suite 220
9                                    Las Vegas, NV 89148
                                     *Attorneys for Defendant Ricardo Barcena and*
10                                   *Swift Transportation Co. of AZ LLC*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing **DEMAND FOR JURY TRIAL** was served this 25th day of February 2021, by:

[ ]     **BY U.S. MAIL**: by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Las Vegas, Nevada, addressed as set forth below.

[ ]     **BY FACSIMILE**: by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m. pursuant to EDCR Rule 7.26(a). A printed transmission record is attached to the file copy of this document.

[ ]     **BY PERSONAL SERVICE**: by causing personal delivery by an employee of Resnick & Louis, P.C. of the document(s) listed above to the person(s) at the address(es) set forth below.

[X]     **BY ELECTRONIC SERVICE**: by transmitting via the Court's electronic filing services the document(s) listed above to the Counsel set forth on the service list on this date pursuant to EDCR Rule 7.26(c)(4).

Justin G. Randall, Esq.
ER INJURY ATTORNEYS
4795 South Durango Drive
Las Vegas, NV 89147
*Attorneys for Plaintiff*


                                        */s/ Jennifer L. Meacham*
                                        An Employee of Resnick & Louis, P.C.

3

Electronically Filed
2/25/2021 11:36 AM
Steven D. Grierson
CLERK OF THE COURT

**DSST**
**RESNICK & LOUIS, P.C.**
MELISSA J. ROOSE, ESQ.
Nevada Bar No. 7889
JOSHUA Y. ANG, ESQ.
Nevada Bar No. 14026
8925 West Russell Road, Suite 220
Las Vegas, NV 89148
mroose@rlattorneys.com
jang@rlattorneys.com
Telephone: (702) 997-3800 / Facsimile: (702) 997-3800
*Attorneys for Defendant Ricardo Barcena and*
*Swift Transportation Co. of AZ LLC*

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

| | |
|---|---|
| MITCHELL SAVOY, an individual,<br><br>       Plaintiff,<br><br>v.<br><br>RICARDO BARCENA, individually; SWIFT TRANSPORTATION CO. OF AZ, LLC; and DOES I through X, inclusive; ROE CORPORATIONS XI through XX, inclusive,<br><br>       Defendants. | CASE NO.:   A-21-828897-C<br>DEPT. NO.:  29<br><br>**NRCP 7.1 DISCLOSURE STATEMENT** |

COMES NOW, Defendant, SWIFT TRANSPORTATION CO. OF AZ, LLC, by and through its attorneys of record, MELISSA J. ROOSE, ESQ. and JOSHUA Y. ANG, ESQ., of the law firm of RESNICK & LOUIS, P.C., and hereby provides its NRCP 7.1 disclosure statement as follows:

Swift Transportation Co of AZ, LLC discloses that it is a limited liability company organized under the law of the State of Delaware.  Its principal place of business is in the State of Arizona.  Its sole member is Swift Transportation Co., LLC.

Swift Transportation Co., LLC is a limited liability company organized under the law of the State of Delaware.   Its principal place of business is in the State of Arizona. The sole

1

member of Swift Transportation Co., LLC is Knight-Swift Transportation Holdings, Inc., a publicly traded corporation organized under the law of the State of Delaware, with a principal place of business in the State of Arizona.  No publicly traded entity owns more than 10% of its stock.

DATED this 25th day of February, 2021.

**RESNICK & LOUIS, P.C.**


*/s/ Melissa J. Roose*
MELISSA J. ROOSE, ESQ.
Nevada Bar No. 7889
JOSHUA Y. ANG, ESQ.
Nevada Bar No. 14026
8925 West Russell Road, Suite 220
Las Vegas, NV 89148
*Attorneys for Defendant Ricardo Barcena and*
*Swift Transportation Co. of AZ LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing **NRCP 7.1 DISCLOSURE STATEMENT** was served this 25th day of February 2021, by:

[ ]  **BY U.S. MAIL**: by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Las Vegas, Nevada, addressed as set forth below.

[ ]  **BY FACSIMILE**: by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m. pursuant to EDCR Rule 7.26(a). A printed transmission record is attached to the file copy of this document.

[ ]  **BY PERSONAL SERVICE**: by causing personal delivery by an employee of Resnick & Louis, P.C. of the document(s) listed above to the person(s) at the address(es) set forth below.

[X]  **BY ELECTRONIC SERVICE**: by transmitting via the Court's electronic filing services the document(s) listed above to the Counsel set forth on the service list on this date pursuant to EDCR Rule 7.26(c)(4).

Justin G. Randall, Esq.
ER INJURY ATTORNEYS
4795 South Durango Drive
Las Vegas, NV 89147
*Attorneys for Plaintiff*

*/s/ Jennifer L. Meacham*
An Employee of Resnick & Louis, P.C.

3