**RESNICK & LOUIS, P.C.**
Melissa J. Roose, Esq., SBN:  7889
mroose@rlattorneys.com
Joshua Y. Ang, Esq., SBN:  14692
jang@rlattorneys.com
8925 W. Russell Road, Suite 220
Las Vegas, NV  89148
Telephone: (702) 997-3800
Facsimile: (702) 997-3800
*Attorneys for Defendant Ricardo Barcena and*
*Swift Transportation Co. of AZ LLC*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MITCHELL SAVOY, an individual,<br><br>Plaintiff,<br><br>v.<br><br>RICARDO BARCENA, individually; SWIFT TRANSPORTATION CO. OF AZ, LLC; and DOES I through X, inclusive; ROE CORPORATIONS XI through XX, inclusive,<br><br>Defendants. | CASE NO.:  2:21-cv-00361-RFB-VCF<br><br>**STIPULATION AND ORDER FOR CONFIDENTIALITY AND PROTECTIVE ORDER** |

With regard to materials disclosed in the course of the above-captioned lawsuit ("Lawsuit"), which constitute or contain trade secrets or other confidential research, development, or commercial information of the parties ("Confidential Material"), the parties stipulate that the following procedures shall govern:

1. This Order is meant to encompass all forms of disclosure which may contain Confidential Material, including any document, pleading, motion, exhibit, declaration, affidavit deposition transcript, inspection and all other tangible items (electronic media, photographs videocassettes, etc.).

2. The parties may designate any Confidential Material produced or filed in this Lawsuit as confidential and subject to the terms of this Order by marking such material "Confidential." If

1

any material has multiple pages, this designation need only be placed on the first page of such material. Any material designated as "Confidential" shall not be disclosed to any person or entity, except to the parties, counsel for the respective parties, and expert witnesses assisting counsel in this Lawsuit. This designation must be made in good faith as this agreement is not intended to be a blanket order of confidentiality for all information disclosed in this case.

3. Any material designated as confidential pursuant to paragraph 2 above shall be used solely for the purposes of this Lawsuit.

4. Prior to disclosure of Confidential Material, each person to whom disclosure is to be made shall execute a written "Confidentiality Agreement" (in the form attached hereto as Exhibit "A") consenting to be bound by the terms of this Order. The parties, counsel for the respective parties (including legal assistants and other personnel), and retained experts or consultants are deemed to be bound by this Order and are not required to execute a Confidentiality Agreement.

5. Only counsel of record in this Lawsuit shall be permitted to disseminate Confidential Material. Upon dissemination of any Confidential Material, each non-designation counsel of record in this Lawsuit shall maintain a written record as to: (1) the identity of any person given Confidential Material, and (2) the identity of the Confidential Material so disseminated (such as by "Bates stamp" number). Such record shall be made available to the designating party upon request.

6. If additional persons become parties to this Lawsuit, they shall not have access to any Confidential Material until they execute and file with the Court their written agreement to be bound by the terms of this Order.

7. In the event that any question is asked at a deposition that calls for the disclosure of or testimony regarding Confidential Material, the witness shall answer such question (unless otherwise instructed not to do so on grounds of privilege) provided that the only persons in attendance at the deposition are persons who are qualified to receive such information pursuant to this Order. Deposition testimony may be designated as confidential on the record at the time of the deposition and/or the deposition transcript may be designated as confidential subsequently

thereto. All such deposition transcripts shall be treated as "Confidential" in their entirety pursuant to paragraph 2 above. The party designating information or documents as confidential shall make arrangements with the court reporter not to disclose any information except in accordance with the terms of this Order.

8. If a deponent refuse to execute a Confidentiality Agreement, disclosure of Confidential Material during the deposition shall not constitute a waiver of confidentiality. Under such circumstances, the witness shall sign the original deposition transcript in the presence of the court reporter and no copy of the transcript or exhibits shall be given to the deponent.

9. With respect to any communications to the Court, including any pleadings motions or other papers, all documents containing Confidential Material shall be communicated to the Court in a sealed envelope or other appropriate sealed container on which shall be written the caption of this Lawsuit, an indication of the nature of the contents of the sealed envelope or container, and the words **"CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER"** (or language to this effect). All communications shall clearly indicate what is designated as "Confidential". Any communications containing Confidential Material shall be returned to the submitting party upon termination of this Lawsuit (whether by dismissal or final judgment) or destroyed.

10. The Clerk of this Court is directed to maintain all communications received by the Court pursuant to paragraph 9 above under seal in accordance with all local and governing laws and rules. All such communications shall be maintained in the Court's file in a sealed envelope or other appropriate sealed container on which shall be written the caption of this Lawsuit, an indication of the nature of the contents of the sealed envelope or container, and the following statement: "Enclosed are confidential materials filed in this case pursuant to a Protective Order entered by the Court and the contents shall not be examined except pursuant to further order of the Court."

11. If a non-designating party is subpoenaed or ordered to produce Confidential Material by another court or administrative agency, such party shall promptly notify the designating party of the

pending subpoena or order and shall not produce any Confidential Material until the designating party has had reasonable time to object or otherwise take appropriate steps to protect such Confidential Material.

12.   If a party believes that any Confidential Material does not contain confidential information, it may contest the applicability of this Order to such information by notifying the designating party's counsel in writing and identifying the information contested within fourteen (14) calendar days from the date of its production.  The parties shall meet and confer and attempt to resolve the issue.  If the dispute is not resolved after such efforts, the party seeking the protection may file a motion for a protective order with respect to the contested information. Alternatively, the party demanding disclosure may file a motion for such relief with the Court. Information that is subject to a dispute as to whether it is properly designated shall be treated as designated in accordance with the provisions of this Order until the Court issues and enters into Order a final and binding ruling upon the aforementioned motion(s).

13.   Inadvertent failure to designate any material "Confidential" shall not constitute waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within fourteen (14) calendar days after discovery of the inadvertent failure. At such time, arrangements shall be made by the parties to designate the material "Confidential" in accordance with this Order.

14. This Order shall be without prejudice to the right of any party to oppose production of any information or object to its admissibility into evidence.

15. When any counsel of record in this Lawsuit or any attorney who has executed Confidentiality Agreement becomes aware of any violation of this Order, or of facts constituting good cause to believe that a violation of this Order may have occurred, such attorney shall report that there may have been a violation of this Order to the Court and all counsel of record.

16. Within thirty (30) days after the termination of this Lawsuit (whether by dismissal of final judgment), all Confidential Material (including all copies) shall be returned to counsel for the designating party or destroyed.

17. After the termination of this Lawsuit, the provisions of this Order shall continue to be binding and this Court shall retain jurisdiction over the parties and any other person who has access to documents and information produced pursuant to this Order for the sole purpose of enforcement of its provisions.

DATED this ___ day of _____ 2021.       DATED 23st day of April 2021.

**ER INJURY ATTORNEYS**                       **RESNICK & LOUIS, P.C.**

/s/ *Justin G. Randall*                       /s/ *Melissa J. Roose*

_____                   _____

Justin G. Randall, Esq., SBN: 12476           Melissa J. Roose, Esq., SBN:  7889
4795 South Durango Drive                      Joshua Y. Ang, Esq., SBN:  14026
Las Vegas, NV 89147                           8925 W. Russell Road, Suite 220
*Attorneys for Plaintiff*                     Las Vegas, NV  89148
*Mitchell Savoy*                              *Attorneys for Defendant Ricardo Barcena and*
                                              *Swift Transportation Co. of AZ LLC*

### ORDER

**IT IS ORDERED** that the provisions of this Order are hereby in effect and shall continue to be binding during the pendency of this action and after conclusion of this lawsuit. This Court shall retain jurisdiction over the parties and any other person who has access to documents and information produced pursuant to this Order for the sole purpose of enforcement of its provisions.

_____

UNITED STATES MAGISTRATE JUDGE

DATED: _____4-26-2021_____

5

1

**RESNICK & LOUIS, P.C.**
Melissa J. Roose, Esq., SBN: 7889
mroose@rlattorneys.com
Joshua Y. Ang, Esq., SBN: 14692
jang@rlattorneys.com
8925 W. Russell Road, Suite 220
Las Vegas, NV 89148
Telephone: (702) 997-3800
Facsimile: (702) 997-3800
*Attorneys for Defendant Ricardo Barcena and*
*Swift Transportation Co. of AZ LLC*

2

3

4

5

6

7

8

## UNITED STATES DISTRICT COURT

9

## DISTRICT OF NEVADA

| | |
|---|---|
| 10  MITCHELL SAVOY, an individual, | CASE NO.:  2:21-cv-00361-RFB-VCF |
| 11                  Plaintiff, | |
| 12  v. | **CONFIDENTIALITY AGREEMENT EXHIBIT "A"** |
| 13  RICARDO BARCENA, individually; SWIFT | |
| 14  TRANSPORTATION CO. OF AZ, LLC; and DOES I through X, inclusive; ROE | |
| 15  CORPORATIONS XI through XX, inclusive, | |
| 16                  Defendants. | |

17

18

19    IT IS HEREBY AGREED that I, the undersigned, am bound by the terms of the

20   Stipulation and Order for Confidentiality and Protective Order entered in the above referenced

21   matter.

22

23   DATED: _____          NAME: _____

24                                   TITLE: _____

25

26

27

28